# CIRCUIT COURT OF THE CITY OF ROANOKE

Barker

v.

Blue Cross et al.

August 30, 1983

Case No. 82-0587

## By JUDGE JACK B. COULTER

We are brought to the present issue by the defendants' demurrer. Citing some ninety-five cases, the defendants' basic position, upon which most of their other points are grounded, is that the plaintiff cannot state a cause of action, either in contract or in tort, without alleging that the contract of employment was of a certain or definite duration. Being a contract of employment at will, the defendants urge, it was terminable at will, with or without cause, and ergo since the plaintiff concedes that it was such a contract he has no case as a matter of law, nor can he state one.

What the plaintiff has alleged, of course, are the "facts" with the inferences they might reasonably generate against which a demurrer is to be tested. All that has been alleged is taken to be true, uncontested and uncontroverted, for the purpose of the demurrer. As noted by Justice Poff in *Lyons* v. *Grether*, 218 Va. 630, 633 (1977):

> Upon demurrer, the test of the sufficiency of a motion for judgment is whether it states the essential elements of a cause of action, not whether evidence might be adduced to defeat it.

The Amended Motion for Judgment clearly alleges that the employees' handbook and the grievance proce-

dures were part of the plaintiff's contract of employment. Paragraph 14, for instance, sets forth the following which the demurrer admits to be true:

> Blue Cross and Barker intended to be, and he was, covered by, subject to, and a beneficiary of its employment practices and policies mentioned hereinabove, including particularly its employee complaint and grievance procedures, *and all of the same became and were terms of Barker's contract of employment with Blue Cross.* (italics added)

If we must accept this allegation to be true, that the employees' handbook and grievance procedures were part of the plaintiff's contract of employment, and that the defendants violated the requirements of the grievance procedure, which is also alleged, then, in my judgment, the plaintiff has stated a cause of action.

It must be remembered that the absence of any specific time for the duration of employment in any contract of employment only gives rise to the *presumption* that such employment is terminable at will. Barker has alleged "facts," presently uncontested, that rebut such presumption. As noted in *Sea-Land Service, Inc.* v. *O'Neal,* 224 Va. 343, 349 (1982):

> In a case cited by Sea-Land, we recognized that, where no specific time is fixed for the duration of employment, it is *presumed* to be an employment terminable at will, providing a dismissed employee no basis for recovery of damages against his erstwhile employer. *Hoffman Company* v. *Pelouze,* 158 Va. 586 (1932). *We said, however, that this presumption. . . is rebuttable.* (italics added)

It is also alleged under this count that there was an implied covenant of good faith and fair dealing which the defendants breached.

The demurrer as to Count One is, therefore, overruled.

Count Two sets forth an alternative contract remedy based on the doctrine of promissory estoppel. It is merely an additional prong, however, to the plaintiff's contract theory of his claim. It is founded primarily on the same

proposition which forms the basis of Count One, that Blue Cross intended to be bound by its employees' handbook and grievance procedures, that this was part of the contract of employment which has been breached, and that the defendants should be estopped to deny these allegations. This prong should not, and will not, be considered a separate cause of action, but part and parcel of and an adjunct to Count One.

So limiting it, the demurrer as to Count Two is, therefore, overruled.

Counts Three and Four are based on theories of tort liability separate and apart from any breach of contract claims. Such an action may lie if it is independent of the contract action with which it might be closely associated. See *Sea-Land Service, Inc.* v. *O'Neal, supra; Goodstein* v. *Weinberg,* 219 Va. 105 (1978); 5B M.J., *Damages,* § 65.

The plaintiff has alleged under Count Three that:

> Battista and Graybill, each acting for and on behalf of Blue Cross and within the scope of his respective employment by Blue Cross, willfully, maliciously, intentionally, in bad faith, and in reckless and outrageous disregard of Barker's legal rights, instigated, precipitated, caused and accomplished the termination of Barker's employment by Blue Cross.

This is strong language, but it is assumed that plaintiff's counsel in making this charge is doing so in good faith as required by Rule 1:4(a). Standing undenied, such allegations, if proved, would establish a willful tort independent of the breach of contract claim and would support the award of punitive damages.

Count Four simply adds an additional prong to Count Three claiming damages for "severe emotional distress," impliedly brought on without physical impact, which would be allowed for a willful, independent tort of outrageous conduct if the strict requirements laid down in *Womack* v. *Eldridge,* 215 Va. 338 (1974), are met.

Counts Three and Four, therefore, inasmuch as the elements of a separate and independent cause of action have been alleged, withstand the challenge of the demurrer, which is, accordingly, overruled as to these counts.

Count Five sets forth the claim that the defendants published false, defamatory and slanderous statements

about Barker to the effect that he was racially biased against blacks and that as a direct result thereof was fired. Though the pleading does not actually state that he was fired because of this statement, it is a reasonable inference and the Court will so construe it. The defendants argue that the defamatory words in question (being racially biased against blacks) are not actionable *per se*, that accordingly special damages must be alleged and since they were not, the plaintiff has failed to state a cause of action.

There are simply not enough facts before the Court at this stage of the proceedings to determine from the bare recitals in the pleadings whether or not the statement in question was defamatory *per se*. It is conceivable that the evidence when developed within the parameters of the pleading could make out such a case. That this statement might have been privileged is a matter of defense with which we are not yet concerned. Accordingly, the demurrer to Count Five is overruled.

Under Count Six the plaintiff changes gears and alleges, inconsistently with the position taken under the preceding five counts, that Battista and Graybill, acting *outside* the scope of their employment, discharged Barker:

> without good or just cause and then willfully, maliciously, intentionally and without lawful justification or excuse instigated, precipitated, caused and accomplished the termination of Barker's employment by Blue Cross, and by such outrageous course of conduct deliberately and intentionally disrupted and interfered with Barker's enjoyment of his property rights and other rights arising from his contract of employment with Blue Cross.

The willful interference with the contractual rights of another is a recognizable tort; this tort as alleged under this count is not against Blue Cross but against two individuals who, it is alleged, were acting beyond their authority as representatives of Blue Cross.

The allegations, if proved, would make out the tort of interfering with the contractual relations of another. As inconsistent pleadings are permitted, though of course they could not stand if the other counts did, they are

therefore not fatal (see Rule 1:4k). As a cause of action is otherwise stated, the demurrer must fail.

It must be obvious to all that this is a fast-growing and changing area of the law. For instance, since the briefs have been filed on this demurrer the courts of Wisconsin and Montana have allowed at-will employees to recover. See *Brockmeyer* v. *Dun & Bradstreet*, 52 U.S. Law Week 2058, and *Gates* v. *Life of Montana Insurance Co.*, 52 U.S. Law Week 2108. A two-day seminar on "At Will Termination in the South," sponsored by Touro College is scheduled for Williamsburg on October 20-21, 1983, and a one-day program on "Employment At Will" was held at the University of Maryland on June 14, 1983. The litigation and scholarly research and thinking on this general subject is prolific, ripe and challenging. The demurrer, when a case has been fully and thoroughly pled, is not the proper vehicle to dispose of the issues which, as in this case, have now been adequately raised. Whether the evidence will support the claims is an entirely different matter.

In summary, therefore, for all the reasons aforesaid, the demurrer as to each count is overruled.